The tripartite test governing the liability of political subdivisions was succinctly set forth by this court inFranklin v. City of Columbus (Sept. 24, 1998), Franklin App. No. 97APE10-1358, unreported (1998 Opinions 4483, 4490):
 * * * First, there is a general grant of immunity under which "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision." R.C. 2744.02(A)(1). This blanket grant of immunity is subject to specific enumerated exceptions under which political subdivisions are "liable in damages," see, generally, R.C. 2744.02(B) * * *. Finally, the exceptions giving rise to liability are in turn subject to specifically enumerated defenses or immunities through which a political subdivision may establish nonliability. See R.C. 2744.03. * * *
Although there does not appear to be direct evidence connecting the accumulation of ice upon which plaintiff fell to the allegedly negligently maintained sewer, as opposed to the natural accumulation of water due to rain earlier that day, I agree with the majority that plaintiffs have adduced sufficient evidence to enable them to present that question to the trier of fact.